**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey Krivoshey (State Bar No. 295032)
Thomas A. Reyda (State Bar No. 312632)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
       jsmith@bursor.com
       ykrivoshey@bursor.com
       treyda@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG HAIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONOPCO, INC., d/b/a UNILEVER,<br><br>Defendants. | Case No. 2:17-cv-03656 SJO-JEM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR CLASS CERTIFICATION**<br><br>Date: July 24, 2017<br>Time: 10:00 a.m.<br>Ctrm: 10C<br><br>Judge: Hon. S. James Otero |

MEMORANDUM OF POINTS AND AUTHORITIES RE EXTENSION OF TIME
CASE NO. 2:17-CV-03656-SJO-JEM

## I. INTRODUCTION

Plaintiff filed this case on May 15, 2017, bringing putative class claims against Defendant for misleading consumers about the ingredients of its personal care products sold under the "Suave Naturals" brand name. *See gen*. Class Action Complaint (Doc. 1). Plaintiff seeks to represent a nationwide class and California and New York subclasses of purchasers of Defendant's Suave Naturals products. *See id*. ¶¶ 48-50.

In the Central District, L.R. 23-3 requires that "Within 90 days after service of a pleading purporting to commence a class action ... the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." L.R. 23-3. Accordingly, Plaintiff's current deadline to file his motion for class certification is August 21, 2017.

Plaintiff seeks a brief 90 day extension to file his motion for class certification, as the presumptive 90 day deadline to file after service would be extremely prejudicial in this case. In the alternative, Plaintiff requests that the Court vacate the L.R. 23-3 deadline, and order the Parties to meet and confer on a class certification briefing schedule, and submit their proposal in a Joint Statement or stipulation for the Court's approval.

Discovery is in its infancy, as Defendant has yet to produce a single document or respond to Plaintiff's requests for production or interrogatories. Declaration of Yeremey Krivoshey ("Krivoshey Decl.") ¶ 5. No protective order has been entered, and the parties have yet to meet and confer regarding search terms, custodians, potential deponents, or an ESI protocol. *Id*. The Parties have not made initial disclosures pursuant to Fed. R. Civ. P. 23(a)(1)(A). *Id*. Plaintiff's experts will require weeks, if not a few months, to (1) review Defendant's production, (2) formulate viable damages theories and reports, (3) and design and implement consumer surveys regarding the materiality of Suave Naturals' misleading

MEMORANDUM OF POINTS AND AUTHORITIES RE EXTENSION OF TIME                 1
CASE NO. 2:17-CV-03656-SJO-JEM

representations.  *Id*.  Discovery disputes are likely to arise, and motion practice may be necessary.  *Id*.

Throughout the meet and confer process, Defendant has made it clear that it does not believe that an extension is merited.  *See id*. ¶¶ 3-4.  Surely, Defendant would like Plaintiff to be forced to file his motion for class certification without the requisite discovery necessary to provide the Court a full factual record.  A determination of whether to certify a class is likely the most critical decision in any case styled as a class action.  There is simply no reason to require Plaintiff to file this critical motion with both hands tied behind his back.

## II.  LEGAL STANDARD

"The Court must determine whether to certify an action as a class action '[a]t an early practicable time after a person sues or is sued as a class representative.'"  *Godinez v. Law Offices of Clark Garen*, 2016 WL 4527512, at *1 (C.D. Cal. Aug. 30, 2016) (quoting Fed. R. Civ. P. 23(c)(1)(a)).  "To that end, plaintiffs filing actions on behalf of putative classes in the Central District of California must comply with the specific deadline in Local Rule 23-3, which provides: 'Within 90 days after service of a pleading purporting to commence a class action ... the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court.'"  *Id*. (quoting L.R. 23-3).

"Under Federal Rule of Civil Procedure 6(b)(1)(A), 'the court may, for good cause, extend the time [within which a motion must be filed] ... if the request is made before the original time or its extension expires.'"  *Id*. (bracketing in original).  "Courts 'generally will find good cause and grant the extension unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused prior extensions.'"  *Id*. (quoting Moore's Fed. Practice § 6.06[2] (2015)).  "The 'good cause' standard focuses on 'the diligence of the party seeking the amendment.'"  *Id*.

(quoting *Tseng v. Nordstrom, Inc.*, 2012 WL 3019949, at *4 (C.D. Cal. July 23, 2012) and *Coleman v. Quaker Oats Co.*, 232 F. 3d 1271, 1294 (9th Cir. 2000)).

"Courts considering motions seeking extensions of time to file class certification motions have noted that 'the fact that discovery is in the early stages' supports extensions." *Id.* (quoting *Clark v. Sprint Spectrum, L.P.*, 2011 WL 835487, at *2 (C.D. Cal. Mar. 7, 2011)). Further, courts considering extensions of the L.R. 23-3 90 day requirement have "note[d] the Ninth Circuit's recent statement that 'the schedule contemplated by Central District of California Local Rule 23-3, when considered alongside federal rules regarding status conferences and the timing of discovery, is quite unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage.'" *Id.*, 2016 WL 4527512, at *2 (quoting *Balser v. Hain Celestial Grp., Inc.*, 640 Fed. Appx. 694, 696 (9th Cir. 2016)). Accordingly, where discovery is at an early stage and the party seeking an extension has not been negligent, lacked diligence, or acted in bad faith, an extension should be granted.

**III. GOOD CAUSE EXISTS TO EXTEND THE L.R. 23-3 DEADLINE**

Plaintiff has been diligent in requesting the present extension, and, further, the extension is appropriate due to the nature of the case and infancy of discovery.

Plaintiff effected service of the Complaint on Defendant on May 23, 2017. Krivoshey Decl. ¶ 2; Proof of Service (Doc. 13). Thus, pursuant to L.R 23-3, Plaintiff's current deadline to file a motion for class certification is August 21, 2017. Plaintiff attempted to get Defendant to stipulate to an extension of the L.R. 23-3 deadline almost immediately after service of the Complaint. Specifically, on May 31, 2017, on a telephonic conference with counsel for Defendant, Plaintiff asked whether Defendant was amenable to an extension of the L.R. 23-3 deadline. Krivoshey Decl. ¶ 3. Defendant responded that they would check with their client. One June 6, 2017, on a follow-up telephonic conference with counsel for Defendant,

Defendant responded that it did not wish to stipulate to an extension of the L.R. 23-3 deadline. *Id*. On June 9, 2017, during the Parties' Fed. R. Civ. P. 26(f) conference, Plaintiff attempted to meet and confer regarding the present motion to extend the L.R. 23-3 deadline, but Defendant stated that it did not wish to confer regarding the present motion at that time and asked that Plaintiff set another, separate conference just for the purpose of meeting and conferring regarding the present motion to extend. *Id.*[1]

On June 15, 2017, the Parties conducted a telephonic conference regarding the present motion where Plaintiff set out each of the bases for his motion, and Defendant again reiterated that it did not wish to stipulate to any extension of time. *Id*. ¶ 4. In an email to Plaintiff's counsel following the meet and confer conference, Defendant stated, "As I stated on the call, Defendant sees no reason and is unwilling to agree to a stipulation extending the class certification filing deadline embodied in L.R. 23-3." *Id*. As Defendant made perfectly clear in the meet and confer conference and the subsequent email, Defendant was not willing to provide even a one day extension, even though, at the time, no discovery had been served.

Plaintiff has also been diligent in getting discovery started and has begun preparing for a prompt filing of a motion for class certification. On June 21, 2017, Plaintiff served 28 requests for production and 16 interrogatories, each focused on class certification issues. *Id*. ¶ 5. However, Defendant's responses to Plaintiff's discovery are not due until July 21, 2017 – 31 days before Plaintiff's current deadline to file a motion for class certification. This short window makes it all but impossible for Plaintiff to file an effective motion for class certification on the current due date. *Id*. The Parties have yet to negotiate, and the Court has yet to approve, a protective order. *Id*. The Parties have yet to negotiate an ESI protocol. *Id*. The Parties have

---

[1] Defendant's refusal to meet and confer on that date also had the effect of pushing back the time that Plaintiff could file the present motion, as L.R. 7-3 requires that any motion is filed at least seven days after the conference.

not made initial disclosures pursuant to Fed. R. Civ. P. 23(a)(1)(A). *Id*. Even if Defendant responds to Plaintiff's discovery on July 21, 2017, Plaintiff anticipates that the Parties will need weeks, if not months, to confer regarding the scope of the production, the custodians whose records are to be searched, and the search terms Defendant should use in searching for relevant documents. *Id*. Motion practice is highly likely regarding class certification discovery disputes, which would have to be heard on an *ex parte* basis due to the short L.R. 23-3 class certification window. *Id*. Further, Plaintiff will need to hire experts to conduct consumer surveys regarding the materiality of the challenged statements, which, at a minimum, would take about eight weeks to design and implement. *Id*. Plaintiff will also need to hire experts to review Defendant's documents (which have yet to be produced), including sales and pricing information, before proposing damages models to be used in support of class certification. *Id*. The factual record Plaintiff will be required to present to the Court at class certification simply cannot realistically be assembled in the 60 days remaining to file a motion for class certification pursuant to L.R. 23-3. *Id*. A denial of an extension to the L.R. 23-3 requirement here would effectively be a "death knell" to Plaintiff's case. *See Balser*, 640 Fed. Appx. at 696 ("the schedule contemplated by Central District of California Local Rule 23-3, when considered alongside federal rules regarding status conferences and the timing of discovery, is quite unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage").

Plaintiff's prompt request for an extension also supports granting the extension. For example, in *Godinez*, the plaintiff filed a request for an extension 3 days before his motion for class certification was due. *See Godinez*, 2016 WL 4527512, at *1. Still, Judge Cormac J. Carney granted the extension, noting that "there is no indication from the record that Plaintiff is dragging his feet or utilizing this motion ... to manipulate proceedings and harass defendant." *Id*. at *2. Here,

Plaintiff has filed this request for an extension 60 days prior to the L.R. 23-3 deadline. There is not a shred of evidence that Plaintiff "has been negligent, lacked diligence, acted in bad faith, or abused prior extensions." *Id*. at *1. Accordingly, a brief 90 day extension is warranted.

## IV. CONCLUSION

For the foregoing reasons and for good cause, Plaintiff respectfully requests that the Court grant Plaintiff's request for a 90 day extension to the L.R. 23-3 deadline for Plaintiff to file a motion for class certification. In the alternative, Plaintiff requests that the Court vacate the L.R. 23-3 deadline, and order the Parties to meet and confer on a class certification briefing schedule, and submit their proposal in a Joint Statement or stipulation for the Court's approval.

Dated:  June 22, 2017    **BURSOR & FISHER, P.A.**

By:   */s/ Yeremey Krivoshey*
         Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey Krivoshey (State Bar No. 295032)
Thomas A. Reyda (State Bar No. 312632)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email: ltfisher@bursor.com
         jsmith@bursor.com
         ykrivoshey@bursor.com
         treyda@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
E-Mail: scott@bursor.com

*Counsel for Plaintiff*